# ANN MOETOTO, LOGOITINOMATAGILELEI ALAMA, HUGO R. GEBAUER, SR. and JANE MAY GEBAUER, Plaintiffs

## v.

# SAVUSA TAUILEVA and SAMOA CONSTRUCTION COMPANY LIMITED, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 21-95

July 20, 1995

Before KRUSE, Chief Justice, TAUANU`U Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs Logoitinomatagilelei Alama, Hugo R. Gebauer, Sr., and Jane May Gebauer, Katopau T. Ainuu
For Plaintiffs Ann Moetoto and Logoitinomatagilelei Alama, Charles V. Ala`ilima

Order Remanding Matter to the Land Commission:

This matter concerns two leases for the same piece of property. The facts relevant to the dispute, as can be gleaned from the pleadings and exhibits on file, are as follows: On July 22, 1963, Savusa Tului ("Tului") entered into a 30 year agreement with Samoa Construction Company ("SCC") for the lease of communal land belonging to the Savusa family of Nu`uuli. The two conflicting leases both purport to take effect at the conclusion of this 1963 lease. On March 13, 1978, Savusa Ropati ("Ropati") Tului's

144

successor, entered a lease agreement for the same land with Hugo R. Gebauer, Sr. and Jane May Gebauer ("the Gebauer lease"), which allegedly took effect upon the expiration of the original lease. The original lease allegedly expired on either June 30 or July 1, 1993.

It seems that neither Tului nor Ropati was, at any time, the registered holder of the Savusa title. Savusa Tauileva ("Tauileva"), on the other hand, has apparently been the registered titleholder of the Savusa name since 1974. On June 30, 1993, Tauileva entered into a lease agreement with SCC ("the SCC lease") for the relevant property, and subsequently attempted to register it with the Territorial Registrar. The plaintiffs objected to the offer for registration and the lease was then referred to the Land Commission pursuant to A.S.C.A. § 37.0203. In turn the Land Commission referred the matter to Samoan Affairs for mediation. Samoan Affairs, unable to resolve the dispute, referred the parties to the High Court.

Plaintiffs Logoitinomatagilelei Alama, a descendant of Tului, and the Gebauers, through counsel Ainuu, seek declaratory relief to adjudicate the validity of the Gebauer lease. At the same time, Alama and another descendant of Tului, plaintiff Ann Moetoto, through counsel Ala`ilima, move to dismiss so much of this action as it may relate to their rights affected by the attempted lease to SCC, on the grounds that SCC lease was properly before the Land Commission.

## DISCUSSION

■ According to A.S.C.A. § 1101, a declaratory judgment may not issue unless there is a "case[] of actual controversy relating to the legal rights and duties of the respective parties." In the present case, the plaintiffs have no actual case in controversy unless the Governor approves the SCC lease, which has not yet occurred, and may never occur. To become valid, a lease of native land must be approved by the Governor. A.S.C.A. § 37.0221(a). Before the Governor approves any document affecting title to land, it must be reviewed by the Land Commission for recommendations. A.S.C.A. § 37.0203(a). Accordingly, the Governor may properly consider the recommendation and findings of the Land Commission and make a decision regarding the validity of the two leases in question.

■ Courts are traditionally loath to interfere prematurely with administrative proceedings and generally will not grant declaratory judgments until administrative remedies have been exhausted, unless such

administrative remedies are inadequate. *Public Utilities Comm. v. United States*, 355 U.S. 534, 539-40 (1958). In *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431-434 (1947), the Supreme Court held that there was no actual case in controversy where no party was immediately injured by the regulation which was claimed to be invalid, sufficient to warrant interference in the administrative proceeding. At the same time, we do not find that plaintiffs are injured by the SCC lease which plaintiffs claim is invalid, sufficient to warrant our intervention in the deliberations of the Land Commission or the Governor.

American Samoa has a statutory method of judicial appeal from the final decision of an administrative body, which provides that, "A preliminary, procedural or intermediate agency action or ruling shall be immediately reviewable only if review of the final agency decision would not provide an adequate remedy." A.S.C.A. § 4.1040(c). There is no indication in this case that review of the Land Commission's recommendation and ultimately the Governor's decision in this case would be inadequate.[1] Under the provisions of A.S.C.A. § 4.1025(a), all interested parties to a "contested case" are entitled to be heard by the Land Commission. After the plaintiffs have "exhausted all administrative remedies," they may appeal the "final decision" of the agency to the High Court, and in a proper case, either the Governor or the High Court may order the Governor's decision stayed, pending the outcome of the court action, if appropriate. A.S.C.A. § 4.1041(b).

For reasons given, we remand this matter to the Land Commission.

It is so ordered.

---

[1] For purposes of the statute, the Governor qualifies as an "agency." A.S.C.A. § 4.1001(a).